Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Ann Piscopo,<br><br>                Plaintiff,<br>    v.<br><br>Costco Wholesale Corporation,<br><br>                Defendant. | Case No. '22CV1110 DMS AGS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Lisa Ann Piscopo ("Plaintiff") alleges the following:

### INTRODUCTION

Plaintiff brings this action against Costco Wholesale Corporation ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and denying Plaintiff equal access to the Costco store located at 4605 Morena Boulevard in San Diego, California.

### PARTIES

1. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

2. Defendant is a Washington corporation with its principal place of business in the State of Washington.

---
1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

3. At all times relevant to this complaint, Defendant conducted business in the State of California. At all relevant times, Defendant owned and operated, and did businesses as, the Costco store located at 4605 Morena Boulevard in San Diego, California ("Costco").

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

5. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Costco is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff suffers from a disability, and/or medical conditions that is a disability.

8. Plaintiff suffers from a hearing impairment and a severe susceptibility to seizures.

9. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

10. Plaintiff utilizes a service animal to help address the challenges resulting from the disability, which Plaintiff deals with on a daily basis.

11. Plaintiff's service animal is trained in specific tasks to assist Plaintiff and ameliorate the symptoms of her disability, including alerting Plaintiff to things that Plaintiff may not hear, staying close to Plaintiff for grounding, and alerting in the event that Plaintiff experience a seizure episode.

12. Plaintiff's service animal was professionally trained as an auditory and

medical alert animal. In addition, Plaintiff herself has received training as a service animal handler so that Plaintiff and her service animal can work together as a team.

13. On July 11, 2022, Plaintiff visited the Costco.

14. Plaintiff frequently visits this particular location (along with others), but this location is the closest Costco store to her home.

15. Plaintiff was at the Costco with her service animal to purchase tangible goods.

16. When Plaintiff approached entrance to the Costco, Defendant's employee confronted Plaintiff.

17. Defendant's employee told Plaintiff that Plaintiff would not be allowed into the Costco because her service animal's leash did not specifically say the words "service animal" and that Plaintiff's service animal had to be on the ground at all times. However, Plaintiff's service animal was wearing a clearly identified service animal vest at the time.

18. At this time, Plaintiff's service animal was located in a backpack.

19. Plaintiff's service animal was not in a shopping cart, and Plaintiff's service animal was under Plaintiff's positive control at all times.

20. Plaintiff asked to speak with the manager.

21. The manager confirmed that Plaintiff was being denied entry to the Costco because her service animal was not on the ground.

22. At no time did Defendant's employees ask the two allowable questions under the Americans with Disabilities Act: whether the dog is a service animal and what task the service animal is trained to perform.

23. After being initially denied entry, Plaintiff attempted to re-enter the Costco and, as Plaintiff went about the Costco, she was followed around and harassed by Defendant's employees.

24. The ordeal left Plaintiff upset and irritated.

25. Plaintiff is hesitant and apprehensive to return to the Costco because of the possibility that Plaintiff will be denied access to the Costco because of Plaintiff's service

dog.

26. Plaintiff would like to return to the Costco when it complies with the ADA requirements regarding service animals and changing its policies, trainings, and procedures accordingly. Plaintiff lives less than three miles away from the Costco.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

27. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

28. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

29. The Costco is a public accommodation.

30. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

31. Defendant has a policy that restricts and denies access to Plaintiff and patrons like Plaintiff.

32. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to their public accommodation that the general public is invited.

33. As a result of Defendant's conduct, denying Plaintiff equal access to the Costco, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Costco.

34. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Costco.

35. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

36. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize the Costco, in light of Defendant's conduct.

37. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

38. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

39. Plaintiff incorporates all prior paragraphs as if fully stated herein.

40. The Costco is a public accommodation that Defendant owns and operates.

41. Defendant denied and interfered with Plaintiff's ability to access the Costco.

42. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of

the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of mental and emotional suffering for Plaintiff.

43. Plaintiff wishes to return to patronize the Costco but is substantially deterred from returning to use these facilities and services, because the lack of access and the significant policy barriers will foreseeably cause Plaintiff further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.

44. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

45. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning and operating the Costco, Plaintiff has suffered a violation of civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries.

46. Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that Plaintiff was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

47. Plaintiff has been damaged by Defendant's wrongful conduct.

48. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

49. Despite this knowledge, Defendant installed and maintained the policy barriers complained of, have failed to remove these unlawful policies, and have failed

to provide and maintain properly accessible facilities, including but not limited to those previously noted, as required by state and federal law.

50. Plaintiff believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons.

51. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Costco and encounter illegal policy barriers which deny them full and equal access when they do so.

52. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the Costco violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiff and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

53. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the Costco, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights.

54. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

of California Code of Civil Procedure section 1021.5 and other applicable law.

55. Plaintiff suffered damages as described as a result of Defendant's violations. Damages are ongoing. Plaintiff remains hesitant and apprehensive about returning to the Costco. Plaintiff seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3, including treble damages.

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

56. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

57. As described above, Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Costco.

58. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

59. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

60. Plaintiff was harmed.

61. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

62. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

63. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

//

# PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54, Code of Civil Procedure section 1021.5, and/or any other applicable statute, as well as expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: July 28, 2022

Law Office of Rick Morin, PC

_____

Richard Morin
Attorney for Plaintiff